IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HEARTLAND FAMILY SERVICES, | ) | |
| | ) | |
| Plaintiff, | ) | 8:13CV112 |
| | ) | |
| v. | ) | |
| | ) | |
| NETSMART TECHNOLOGIES, INC., | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

       This matter is before the Court on the motion of defendant, Netsmart Technologies, Inc. ("Netsmart"), to dismiss, filed pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) (Filing No. 11, with accompanying brief, Filing No. 12). Plaintiff, Heartland Family Services ("Heartland"), filed a brief in opposition to the motion (Filing No. 13, with accompanying index of evidence, Filing No. 14), to which defendant replied (Filing No. 15). Heartland and Netsmart are parties to a Software License and Business Terms Agreement (the "Contract," Ex. 1, Filing No. 1, at 17-32).[1] The Contract contains a forum-selection clause mandating venue for any legal action thereunder in DuPage County, Illinois (*Id.* at ¶ 12.3). The Court finds the

---

[1] The parties to the Contract are designated as Sequest Technologies, Inc. ("Sequest") and Heartland (Ex. 1, Filing No. 1, at 17). Netsmart informs the Court that it was formerly known as Sequest (Filing No. 11, at 1). The copy of the Contract provided to the Court as an exhibit to the complaint is not signed, but Netsmart does not dispute that it is a party to the Contract.

forum-selection clause enforceable and the Court will transfer the action to the United States District Court for the Northern District of Illinois.

## BACKGROUND

Plaintiff, Heartland, is a Nebraska non-profit corporation that "helps parents who struggle; couples who want to save their relationship; children who are removed from unsafe homes; teens who made the wrong decisions about alcohol, drugs or crime; survivors of family violence; [and] low-income families -- mostly women and children -- who fall into homelessness."  Ex. 1, Filing No. 1, ¶ 4.  According to Heartland's complaint, defendant, Netsmart, is a Delaware corporation with its principal place of business in Albany, New York; Netsmart is a "technology solutions company" that provides its customers with database systems such as the Totally Integrated Electronic Record ("TIER") System.  *Id.* at ¶ 2, 5, 9.  Heartland brings this lawsuit because it alleges that Netsmart's TIER System did not deliver as promised, and Heartland alleges seven causes of action, including fraud and breach of contract.  *Id.* ¶ 19-23, 38-45.

Heartland originally filed its complaint in Douglas County, Nebraska, District Court.  Defendants removed the suit to this Court, claiming diversity jurisdiction under 28 U.S.C. § 1332.

-2-

In this motion, Netsmart "moves this Court to enter an order dismissing the complaint filed by plaintiff Heartland Family Services." Filing No. 11, at 1. Netsmart argues that the Court should dismiss the case under either Fed. R. Civ. Pro. 12(b)(3) or 12(b)(6) because venue in Nebraska is not proper under the forum-selection clause contained in the Contract. The forum-selection clause states:

> 12.3 Governing Law. This Agreement shall be governed by the laws of the State of Illinois, without reference to any conflicts of laws provisions. . . . The parties agree that the state and federal courts serving DuPage County, Illinois shall be the sole venue and jurisdiction for all actions concerning this Contract.

Ex. A, Filing No. 1, at ¶ 12.3. Heartland opposes the motion, stating, "[b]ecause Illinois is a substantially less convenient locale for this matter than Nebraska, dismissing or transferring this matter violates Nebraska's public policy as declared by the state's legislature." Filing No. 13, at 1.

## APPLICABLE LAW

As an initial matter, Heartland urges this Court to determine whether the Federal Rule of Civil Procedure 12(b)(3) or 12(b)(6) is the proper rule to dismiss and enforce forum-selection clauses. In *Rainforest Café, Inc. v. EklecCo, LLC*, the Eighth Circuit acknowledged that the question remained open in this circuit. *Rainforest Café, Inc. v. EklecCo, LLC*, 340 F.3d

-3-

544, 545 n.5 (8th Cir. 2003).  The Eighth Circuit did not address the issue because the movant filed a motion to dismiss under both subsections (b)(3) and (b)(6) of Rule 12.  *Id.*  Here, Netsmart filed a motion to dismiss under both subsections of Rule 12 (Filing No. 13, at 3).  Therefore, this Court declines to determine which subsection is the proper basis for the motion.

Heartland's argument that the Eighth Circuit has adopted a different standard is without merit.  *Compare* Filing No. 13, at 3 (stating the Eighth Circuit implicitly adopted Rule(b)(3) as the proper form of dismissal) (citing *CCI of Arkansas, Inc. v. Baggette Const., Inc.*, 2009 WL 3010986 (E.D. Ark. Sept. 17, 2009), *Marano Enter. of Kansas v. Z-Teca Restaurants, L.P.*, 254 F.3d 753 (8th Cir. 2001)), *with Rainforest Café, Inc.*, 340 F.3d at 545 n.5 (expressly stating, two years after the *Marano* opinion, that the question was open in this circuit)); *see also Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 971 n.2 (8th Cir. 2012) (declining to decide whether subsection 12(b)(3) or (b)(6) is the correct form for forum-selection dismissals) (citing *Rainforest Café*, 340 F.3d at 545–46 n.5).

First, the Court must determine the choice of law in this matter.  In federal diversity jurisdiction cases, courts must determine whether forum-selection clauses are procedural or substantive and thereby determine the choice of law to apply.

-4-

Generally, a "contractual forum selection clause [is] a federal court procedural matter governed by federal law." *Fru-Con Const. Corp. v. Controlled Air, Inc.,* 574 F.3d 527, 528 (8th Cir. 2009). Therefore, federal law applies to the question of enforcing the forum-selection clause.

Second, the Court must determine whether Nebraska pubic policy factors into the enforceability of the forum-selection clause. In its brief, Heartland argues that, regardless of federal or state choice of law, the Court must consider Neb. Rev. Stat. § 25-415(3) (2012) in the enforcement of the forum-selection clause. The Nebraska statute states the following:

> If the parties have agreed in writing that an action on a controversy shall be brought only in another state and it is brought in a court of this state, the court will dismiss or stay the action, as appropriate, unless . . . (3) the other state would be a *substantially* less convenient place for the trial of the action than this state. . . .

Neb. Rev. Stat. § 25-415(3) (2012) (emphasis added). Importantly, Heartland does not contend that the inconveniences of litigating in Illinois would prevent Illinois courts from doing "substantial justice" to this action.

Netsmart first counters with the assertion that only Illinois law applies. Then, Netsmart argues, in the alternative that, if Nebraska public policy factors into the Court's

-5-

analysis, then Heartland's litigation in the selected forum is not substantially inconvenient. We find *Union Electric Co. v. Energy Insurance Mutual Ltd.* controls this issue.

In *Union Electric*, the Eighth Circuit determined that district courts must "give due consideration" of the forum's public policy when determining whether to dismiss and enforce a forum-selection clause. *See Union Elec. Co.*, 689 F.3d at 973. In that case, Union Electric Company ("Union Electric"), a Missouri pubic utility, sued Energy Insurance Mutual Limited ("EIM"), a company incorporated in Barbados and with a principle place of business in Florida, in the United States District Court for the Eastern District of Missouri for a breach of contract claim. *Id.* at 969. EIM filed a motion for dismissal to enforce a forum-selection clause in their contract naming the United States District Court for the Southern District of New York as the exclusive jurisdiction for claims under the agreement. *Id.* The Missouri district court applied the *Bremen* standard to determine the enforceability of the forum-selection clause, yet failed to address the public policy concerns of Missouri. *Id.*

Upon appeal, the Eighth Circuit reversed and remanded the district court's dismissal. *Id.* The Court stated the following:

> Forum selection clauses are *prima facie* valid and are enforced unless they are unjust or unreasonable or

-6-

> invalid for reasons such as fraud or overreaching.  Where, as here, the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially heavy burden of proof to avoid its bargain.  While inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause, a party can avoid enforcement of the clause by showing that proceeding in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.  While *Bremen* provides the proper analysis for determining the enforceability of a forum selection clause, in this circuit, consideration of the public policy of the forum state must be part of that analysis.

*Id.* at 973-74 (internal citations and quotations omitted).  The Eighth Circuit then remanded with the instruction that the district court consider the public policy concerns of Missouri regarding the effects of the forum change, a mandatory arbitration clause, and environmental concerns in Missouri.  *Id.* at 974-75.

      The Nebraska Supreme Court has reviewed the Neb. Stat. Rev. § 25-415(3) defense which Heartland invokes as public policy.  In *Polk County Recreational Association v. Susquehanna Patriot Commercial Leasing Co.*, the Nebraska Supreme Court noted that "mere inconvenience or additional expense will not permit a forum selection clause to be avoided" and that "if the forum is

-7-

available and can do substantial justice to the action, there is no serious impairment of a party's ability to litigate." *Polk County Recreational Ass'n v. Susquehanna Patriot Commercial Leasing Co.*, 273 Neb. 1026, 1039, 734 N.W.2d 750, 761 (2007). Furthermore, the court reasoned that parties contemplate issues of potential litigation inconveniences when entering into contractual forum-selection clauses and therefore, the "location and convenience of witnesses do not necessarily make a forum seriously inconvenient because deposition testimony can be taken and used without disadvantage at trial." *Id.* at 1039, 734 N.W.2d at 761.

Finally, Heartland requests that, if the Court determines that the forum-selection clause is enforceable, the Court should transfer the action to the United States District Court for the Northern District Illinois under 28 U.S.C. § 1404 (Filing 13, at 5-6). As both parties acknowledge, "courts favor transfer of an action under 28 U.S.C. § 1404 over dismissal if a forum selection clause dictates venue in another federal district." Charles A. Wright et al., 14D Federal Practice and Procedure § 3803.1 at 76 (2007); Filing 13, at 5-6; Filing 12, at 7. However, Netsmart argues that when "the valid forum selection clause *mandates* venue in a state court, § 1404 has no application" and therefore the Court must dismiss the action. Filing 12, at 7. In the alternative, Netsmart also requests

that, if a transfer is appropriate, the Court transfer the case to the United States District Court for the Northern District Illinois.  Filing 12, at 7 n.5.

In order to determine whether a case is transferable under § 1404, the Court must apply the *Stewart* test set forth in *Terra International, Inc. v. Mississippi Chemical Corp.*  "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."  *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  The United States Supreme Court has determined that a valid and applicable forum-selection clause is "a significant factor that figures centrally in the district court's calculus."  *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  Typically, the party that seeks transfer under § 1404(a) bears the burden to prove transfer is warranted.  *Id.* at 695.

## DISCUSSION

Netsmart's motion to dismiss requires the Court to determine three issues:  first, whether Nebraska public policy affects the enforceability of the forum-selection clause; second, whether federal law requires the enforcement of the forum-

selection clause; and third, whether this case should be dismissed or transferred.

First, in the instant case, it is clear that the Court must consider the public policy of the State of Nebraska as a matter of federal law. As in *Union Electric*, the Court is bound to consider the public policy concerns of the forum in which the claim was filed: Nebraska. As the sole public policy consideration of the state of Nebraska, Heartland claims that Illinois will be a substantially less convenient place for trial than Nebraska. Filing 13, at 4-5.

Heartland lists a number of reasons that Illinois is a "substantially" less convenient venue than Nebraska. This list includes the following: (1) Heartland is located in Nebraska, (2) alleged damage occurred in Nebraska, (3) nineteen potential witnesses are residents of Douglas, Sarpy, and Pottawattamie counties, and (4) increase in Heartland's litigation costs. These claims are surreptitious because these arguments fail to overcome the especially high burden of proof to avoid the bargained-for contractual forum-selection clause.

In this case, Heartland and Netsmart negotiated a contract containing the forum-selection clause in question. At the time of contract, the parties knew the location of Heartland and Netsmart, the residency of its employees, potential litigation expenses for Heartland, and the inconvenience of

-10-

travel.  In order to stay a dismissal or transfer under Neb. Rev. Stat § 25-415(3), the forum must be unavailable to perform substantial justice to the action.  *Polk County Recreational Ass'n*, 273 Neb. at 1039, 734 N.W.2d at 761.  Illinois courts can do substantial justice to this action and there are no serious impairments to Heartland's ability to litigate such as to relieve it of the forum-selection clause which it negotiated.  Nebraska law does not shield Heartland from dismissal under Neb. Rev. Stat. § 25-415(3), and therefore, Nebraska public policy does not shield Heartland from dismissal or transfer.

**II**

Second, after giving due consideration to the public policy consideration of the state of Nebraska, the Court turns to federal law to determine whether the forum-selection clause is enforceable.  Nebraska law is inextricably close to the federal law concerning this matter, and, therefore, the analysis of this matter is much the same.

The forum-selection clause is presumed valid and Heartland bears the especially heavy burden of proving that this bargained-for forum-selection clause will, for all practical purposes, deprive Heartland of its day in court.  Undeniably, Heartland will likely experience extra expenses and inconvenience in order to litigate in Illinois instead of Nebraska.  Heartland will also need to call witnesses from the Omaha-metropolitan area

-11-

to successfully assert its claim against Netsmart.  However, Heartland knew of these potential disadvantages at the time the contract was made.  Heartland's asserted defenses are merely inconveniences.  Because "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause," Heartland's defense must fail.  *See Union Elec. Co.*, 689 F.3d at 975.  The forum-selection clause is enforceable.

### III

Third, after we have determined the forum selection clause is valid, the Court must determine whether to dismiss the action or to transfer venue.  Here, the forum-selection clause reads, "[t]he parties agree that the state *and* federal courts serving DuPage County, Illinois shall be the sole venue and jurisdiction for all actions concerning this Contract." (Ex. A, Filing No. 1, at ¶ 12.3) (emphasis added).  Netsmart correctly states that if the valid forum-selection clause *mandates* venue in a state court, § 1404 does not apply.  In this case, however, the forum-selection clause authorizes venue in a federal court, and more specifically, does not mandate claims to state courts; therefore, transfer under § 1404 may be proper.

The moving party, Heartland, expressed its interest and enumerated reasons for a transfer to the United States District Court for the Northern District of Illinois in the event this

Court found the forum-selection clause enforceable. Filing 13, at 5-6. Netsmart also requests for a transfer to the same district court, if the Court deems transfer appropriate. Filing 12, at 7 n.5.

"The three categories to consider for transfer are (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Intern., Inc.*, 119 F.3d at 691. As stated above, Heartland complains of the inconvenience that it and its potential witnesses will suffer in traveling to Illinois. In the interest of justice, Heartland argues that, if the forum-selection clause is enforceable, then Heartland wishes to transfer directly to the correct venue and avoid "unnecessary litigation expenses" and further delay. Filing 13, at 6.

Without consideration of the forum-selection clause, the three-part balancing test generally tips toward litigation in Nebraska. However, a valid forum-selection clause is a central issue to this analysis. The clause mandates the presence of the parties and each party's witnesses to appear in the state or federal court which serves DuPage County (*e.g.*, United States District Court for the Northern District of Illinois). Also, the expedient and expeditious enforcement of the forum-selection clause requires the Court to transfer, rather than dismiss this action.

Consequently, because of the preference of courts to transfer actions, the deference that courts give to enforceable forum-selection clauses, the agreement of the parties to transfer to the District Court for Northern District of Illinois, and because Heartland has successfully argued for the convenience of the parties and the interest of justice, the Court will allow Heartland to transfer directly to the United States District Court for the Northern District of Illinois.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 19th day of August, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court